IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GEORGE EDWARD FRENCH, JR.,
ADC #83338                                                                                              PLAINTIFF

v.                                              4:07CV01056JMM/HLJ

MIKE ROBINSON, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the Court on defendants' motion for summary judgment (DE #41). Plaintiff has filed a response in opposition to the motion (DE #44).

Plaintiff is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement and denial of the use of a telephone while incarcerated at the Saline County Detention Facility (Jail) from April 11-13, 2007, July 29-October 30, 2007, and March 5-6, 2008. Plaintiff asks for monetary and injunctive relief from the defendants, who are Jail employees.

Specifically, in his complaint, plaintiff alleges that while incarcerated at the Jail he was denied the use of a telephone to contact his attorney and other family members. In addition, he states he was placed in a small cell for twenty-four hours per day and was denied exercise opportunities. In their motion for summary judgment, defendants state plaintiff's complaint against them should be dismissed for failure to exhaust his administrative remedies, as required by the

Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  In addition, defendants state plaintiff's complaint is barred by the Rooker-Feldman Doctrine, because he is challenging state court orders in federal court.  Defendants further explain they were prevented by these orders from permitting plaintiff to utilize the telephone while he was incarcerated, because he continued to try and harass his victim by telephoning her from the Jail.  Defendants state plaintiff's case is an attempt to attack the state court orders in federal court, in violation of Rooker-Feldman.   Defendants also state they are protected from liability by qualified immunity because plaintiff did not suffer a constitutional deprivation and because no clearly-established law provides a detainee the right to constant or unsupervised access to a telephone.  Finally, defendants state plaintiff never complained about conditions of confinement while at the Jail, and note the sole reason he was kept in segregation was to prevent him from attempting to contact his victim.       In response, plaintiff states he did file grievances with the Jail about denial of his telephone privileges.  He attaches a copy of two grievances he filed complaining of such, together with a grievance complaining about the lack of fingernail/toenail clippers.  He also denies trying to harass anyone over the telephone and states he was prevented from contacting his attorney.

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party

cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In this particular case, it is clear to the Court that defendants were bound by two different state court orders which prevented plaintiff from using the telephone. In addition, while plaintiff complains that defendants also prevented him from contacting his attorney, he does not allege any injury as a result of that lack of contact. In Bounds v. Smith, 97 S.Ct. 1491, 1498 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the court requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." This right of access was further defined by the court in Lewis v. Casey, 116 S.Ct. 2174 (1996), where the court stated that an inmate alleging a denial of this constitutional right must show "actual injury." This injury can not be established by alleging that the prison law library or legal assistance program "is sub-par in some theoretical sense,"... but plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 2179.

In this particular case, however, plaintiff does not allege that he suffered any injury as a result of defendants' alleged denial of access to telephoning his attorney.

The Court also finds plaintiff fails to support his allegation of unconstitutional conditions

of confinement while incarcerated at the Jail. It appears from the submissions of the parties that plaintiff was incarcerated at the Jail in April 2007 and from July-October, 2007 as a pre-trial detainee. The pre-trial detainee standard for this claim is essentially the same as those applied to Eighth Amendment post-detainee claims, see Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Plaintiff must show that defendants knew of, yet disregarded, an excessive risk of harm to his health and safety, or were deliberately indifferent to his serious medical needs. Farmer v. Brennan, 114 S.Ct. 1970 (1994).

In this case, plaintiff alleges in his complaint that he was segregated twenty-four hours per day and denied exercise. However, he does not specify the length of his confinement in segregation, and he does not address these allegations in response to defendants' summary judgment motion. Finally, plaintiff does not allege facts to support a finding of deliberate indifference by the defendants. Therefore, the Court finds as a matter of law that defendants are entitled to summary judgment on plaintiff's claims against them. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #41) is hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice.

IT IS SO ORDERED this 20th day of June, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge